IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

HAROLD LEONARD ARMSTRONG,

    Petitioner,                              No. CIV S-05-02371 LKK DAD P

    vs.

JIM POPE, et al.,                          ORDER AND

    Respondents.                      FINDINGS AND RECOMMENDATIONS

/

        Petitioner, a state prisoner proceeding pro se, has filed a petition for writ of habeas corpus. When petitioner filed this action, he was confined in Shasta County Jail in the custody of Sheriff Jim Pope. On December 16, 2005, the court received petitioner's notice of change of address to High Desert State Prison.

        The petition received for filing on November 22, 2005, was not accompanied by the $5.00 filing fee or an application to proceed in forma pauperis. See 28 U.S.C. §§ 1914(a) and 1915(a). On December 5, 2005, petitioner submitted the first page of an application to proceed in forma pauperis. On December 6, 2005, petitioner submitted the second page of the form, along with copies of inmate account balance sheets from Shasta County Jail.

        Petitioner is challenging a Shasta County conviction for second degree robbery, criminal threat, assault with great bodily injury and with a deadly weapon, possession of a deadly

1

weapon, possession of a firearm by a felon, and exhibiting a deadly weapon.  Petitioner states that he was convicted on August 30 or 31, 2005, and sentenced on November 21, 2005.

A habeas petition submitted to a federal district court must substantially follow either the form appended to the federal rules governing habeas proceedings or a form prescribed by the district court's local rules.  See Rule 2(d), Fed. R. Governing § 2254 Cases in the United States District Courts.  The state court form used by the petitioner in this case does not substantially follow the form appended to the federal rules or a form used in this district.  The court has been able to determine, however, that petitioner filed this action prematurely.

The exhaustion of state court remedies is a prerequisite to the granting of a federal petition for writ of habeas corpus.  28 U.S.C. § 2254(b)(1).  Exhaustion cannot be waived except by explicit waiver of counsel for the proper respondent to the action.  28 U.S.C. § 2254(b)(3).  In order to satisfy the federal exhaustion requirement, the petitioner must fairly present all of his federal claims to the state's highest court before he presents them to any federal court.  Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Picard v. Connor, 404 U.S. 270, 276 (1971); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1986).  In California, a federal claim is fairly presented to the state's highest court when the claim has been presented to the California Supreme Court either on direct appeal or in a habeas petition that describes the operative facts and the legal theories upon which the claim is based.  Bland v. California Dep't of Corrections, 20 F.3d 1469, 1473 (9th Cir. 1994).

Petitioner commenced this case while his direct appeal was pending.  Although petitioner filed a state habeas petition that was denied on September 29, 2005, by the California Court of Appeal for the Third Appellate District, the appellate court's order reveals that petitioner had appealed from a nonappealable order.  Petitioner is not entitled to any relief in the district court at this time because he has not exhausted available state court remedies with regard to the judgment of conviction entered in Shasta County Superior Court on November 21, 2005.  Accordingly, the undersigned will recommend that this action be dismissed without prejudice for

failure to exhaust state court remedies on any claim prior to filing a federal habeas action. See Rule 4, Fed. R. Governing § 2254 Cases.

After petitioner exhausts available state court remedies,[1] he may commence a new federal habeas proceeding by filing a petition on a federal habeas form, together with the $5.00 filing fee or a properly completed application to proceed in forma pauperis. The petition must name as respondent the warden of the institution in which petitioner is confined at that time. The new petition should not bear the case number assigned to this case.

The habeas petition and miscellaneous filings in this case allege claims of telephone fraud and inadequate medical care at the Shasta County Jail. More recent filings assert claims concerning medical care and other conditions of confinement at High Desert State Prison. The court's records reveal that petitioner has filed a civil rights action concerning his arrest and conditions of confinement in Shasta County, Armstrong v. Pope, et al., case No. CIV S-05-1481 RRB GGH P, filed July 22, 2005, as well as a civil rights action arising from conditions of confinement at High Desert State Prison, Armstrong v. Runnels, et al., case No. CIV S-06-0034 DFL GGH P, filed January 6, 2006. Petitioner's civil rights claims are not properly before the court in this habeas action and will be disregarded. In addition, petitioner has filed numerous documents to be "added" to his petition. A petition may not be amended in this manner. Because the habeas petition is premature, the court will disregard the purported amendments.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner's application for leave to proceed in forma pauperis, filed in two parts on December 5, 2005 (#6) and December 6, 2005 (#10), is denied because the action has been filed prematurely;

---

[1] Petitioner is cautioned that a one-year statute of limitations applies to the filing of non-capital habeas corpus petitions in federal court. In most cases, the one-year period of limitation begins to run on the date on which the defendant's judgment became final by the conclusion of direct review or by the expiration of his time for seeking direct review, although the statute of limitations is tolled while a properly filed application for state post-conviction or other collateral review is pending. See 28 U.S.C. § 2244(d).

2. Petitioner's December 5, 2005 request regarding medical care (#9) is denied;

3. Petitioner's amendments and added claims filed December 5, 2005 (#3), December 16, 2005 (#11), December 21, 2005 (#13), December 21, 2005 (#14), January 9, 2006 (#15), January 19, 2006 (#16), February 2, 2006 (#17), and March 13, 2006 (#18) will be disregarded;

4. Petitioner's requests for forms filed December 21, 2005 (#12) is denied;

5. The Clerk of the Court shall serve a copy of this order and findings and recommendations, together with a copy of the habeas petition filed November 22, 2005, upon the Attorney General of the State of California; and

IT IS RECOMMENDED that petitioner's application for a writ of habeas corpus be dismissed without prejudice for failure to exhaust state court remedies on any claim alleged in the application.

These findings and recommendations will be submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, petitioner may file written objections with the court.  A document containing objections should be titled "Objections to Findings and Recommendations."  Petitioner is advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: May 1, 2006.

_____
DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
arms2371.103